UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARYL SHERARD MENNER,

    Plaintiff,

v.                                    Case No:   6:18-cv-1360-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 22). Plaintiff requests an award of fees in the amount of $4,957.73. The motion includes a schedule of the attorney's billable hours to support the application (Doc. 22-1). Defendant has no objection to the requested relief (Doc. 22 at 4).

Plaintiff asserts that he is the prevailing party, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time the proceeding was filed was less than two million dollars[1] (Id. at 1-2). On April 22, 2019, the Court entered a final order granting the Government's motion to remand this case back to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g) (Doc. 20). The

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Clerk entered judgment the next day (Doc. 21). Plaintiff timely filed this application for attorney's fees on July 22, 2019 (Doc. 22).

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel (Doc. 22-3). In light of the assignment, Plaintiff requests (and Defendant agrees) that payment should be made payable to Plaintiff and delivered to his counsel unless he owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to his counsel. With respect to the request for the government to accept the tendered assignment and pay any EAJA award directly to counsel, any agreement between the parties as to payment of the judgment is outside the purview of the judgment, and the parties may make whatever collection arrangements that they wish. For present purposes, the Court declines to order the government to reimburse counsel directly. See Astrue v. Ratliff, 560 U.S.586, 130 S. Ct. 2521, 177 L.Ed. 2d 91 (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

Pursuant to the provisions of the EAJA, Plaintiff's motion for attorney's fees (Doc. 22) is **GRANTED**. Plaintiff is awarded attorney's fees **in the amount of $4,957.73.**

**DONE** and **ORDERED** in Orlando, Florida on July 23, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record